2011 UT App 118

**STATE of Utah, Plaintiff and Appellee,**

v.

**Larry William HOUGHTON, Defendant and Appellant.**

No. 20110104–CA.

Court of Appeals of Utah.

April 14, 2011.

Larry Houghton, Gunnison, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

### DECISION

PER CURIAM:

¶ 1 Appellant Larry William Houghton appeals the denial of his motion to correct his

presentence investigation report (PSI). This case is before the court on a sua sponte motion for summary affirmance because the appeal does not present a substantial question for review.

¶2 In November 2007, Houghton pleaded guilty to one count of Sodomy on a Child, a first degree felony. On December 7, 2007, the district court entered its final judgment sentencing Houghton to an indeterminate prison term of six years to life. In September 2010, Houghton filed a letter alleging that his PSI incorrectly stated that his daughter was a victim of his offense. In October 2010, Houghton filed a Motion to Correct PSI File, in which he sought an order removing from the PSI a statement identifying his daughter as a victim of his offense and an order that would allow his children to visit him in prison. The district court denied the motion to correct the PSI.

¶3 Houghton waived his right to challenge the accuracy of the PSI by failing to challenge its content at sentencing. *See* Utah Code Ann. § 77–18–1(6)(b) (Supp.2010) ("If a party fails to challenge the accuracy of the presentence investigation report at the time of sentencing, that matter shall be considered to be waived."). Nothing in the record before us demonstrates that Houghton made a timely challenge to information contained in the PSI at sentencing when it could have been resolved by the district court. Having failed to make a timely challenge to the accuracy of the PSI, Houghton has waived his right to challenge the PSI's accuracy. *See id.* Furthermore, the district court lacked subject matter jurisdiction to modify the PSI at the time that Houghton filed his motion to correct the PSI almost three years after the imposition of sentence. *See State v. Montoya*, 825 P.2d 676, 679 (Utah Ct.App. 1991) ("Once a court imposes a valid sentence, it loses subject matter jurisdiction over the case.").

¶4 Accordingly, we affirm.